TRANSFER OF PRISON INMATE FOR MEDICAL OR SECURITY PURPOSES An inmate of a State penal institution may be transferred to a State mental hospital for medical purposes if the facilities for medical needs and security purposes are not otherwise available. The Attorney General is in receipt of your letter of May 3, 1971, and considered your request for an opinion. In your letter you set out the following fact situation: "As you know, we occasionally have inmates in need of medical and/or surgical attention that cannot be accomplished at our institutions. Under normal conditions, the University Hospital in 250 Oklahoma City has been very cooperative in assisting us; however, they do not have facilities for the handling of security risks and escapes have occurred in the past." You also point out that Dr. Hayden Donahue has agreed to accept this type of patient who needs close security at the Central State Hospital in Norman. You then in effect ask: "Can inmates of the State penal institutions be transferred to the State Mental Hospital for medical and security purposes when the proper facilities are not otherwise available?" A careful search of the Statutes of the State of Oklahoma, reveals there is no specific authority as to the transfer of prisoners from the State Penitentiary or Reformatory to a hospital. However, it should be pointed out that under 57 O.S. 510 [57-510](h) (1970) the duties of the Director of the Department of Corrections are set out. We find under sub-section (h) of that Statute, the following language: "(h) To prescribe rules for the conduct, management and operation of each institution." This sets out the broad line of duties to the Director of the Department of Corrections. Included in this line of duties would be to see that the prisoners have proper and necessary medical care. It is also the duty of the Director of the Department of Corrections and the Wardens thereunder to provide for security of the prisons and prisoners by use of reasonable means to prevent escape. In a case where an inmate needed medical attention, it would then be the duty of the Director and Wardens to see that the proper medical treatment was given and at the same time to provide for the proper security for such prisoners. We do find in 57 O.S. 510 [57-510] (1970), sub-paragraph (j) the authority for transfer of patients with mental illness to the proper hospital. It should follow that the Legislature would be no less interested in the medical care and treatment of prisoners in the State Penitentiaries as compared to their mental illness. Thus, an inmate could be transported to a State Hospital having the facilities to care for the patient medically and also having facilities to provide for the security of said inmate. In 72 C.J.S. "Prisons" 19, we find the following: "Ordinarily a prisoner may be transferred to a hospital where hospital treatment becomes reasonably necessary during his incarceration." Under the Corrections Act of 1967 the Legislature did not provide for the medical treatment of prisoners outside the prison walls. However, the Act did not set out all of the duties specifically but left a number of the duties, rules and regulations of the prison to the Director of the Department of Corrections. Where a measure of discretion has been left to the State officials in execution of the Statutes, the Courts have been very liberal and have almost refused to control that discretion. It is, therefore, the opinion of the Attorney General that your question should be answered as follows: When an inmate of one of the State penal institutions is in need of medical attention and this treatment cannot be rendered at the penal institution, it is proper that the inmate can be transferred to a State Mental Hospital for medical and security purposes when the proper facilities are not otherwise available. (Fred H. Anderson) ** SEE: OPINION NO. 74-132 (1974) **